IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -v-                                                Case No. 14-MJ-590

MUFID A. ELFGEEH,

                Defendant.

## **MOTION FOR OMNIBUS PROTECTIVE ORDER**

The United States of America, by and through William J. Hochul, Jr., United States Attorney, Western District of New York, and Brett A. Harvey and Frank H. Sherman, Assistant United States Attorneys, hereby submits this Motion for Omnibus Protective Order.

1. There are three categories of discovery the United States seeks to protect from unauthorized disclosure: (a) personal identifiers of third parties, including addresses, dates of birth, medical information, and social security numbers, within the general discovery materials; (b) sensitive discovery material (as defined below); and (c) any personal identifiers of FBI Confidential Human Sources ("CHS"), whether the information is found within general discovery or sensitive discovery materials.[1] When producing discovery, the United States will notify defense counsel what materials are considered general discovery and what materials are considered sensitive discovery.

2. The requested Omnibus Protective Order is necessary for the following reasons:

First, discovery in this case will be exceptionally voluminous. To be able to provide the defendant with discovery in a timely manner, the United States will be turning over large portions of general discovery and may not have been able to properly redact all personal identifiers of third parties, such as home addresses, birth dates, and social security numbers.

---

[1] It is important to note that even if the personal identifiers of a CHS are known to defendant or defense counsel through an independent source, this does not necessarily mean that information has been declassified. Any disclosure of classified information must be done pursuant to the provisions of the Classified Information Procedures Act, ("CIPA"), 18 U.S.C. App. III, § 1, et seq.

Second, the United States has a substantial and compelling interest in preventing sensitive, but unclassified, discovery material from being disclosed to anyone not a party to the court proceedings in this matter. Such material may include information relevant to ongoing national security investigations and prosecutions.

Third, if any information concerning the true or covert identities of any CHS is declassified, the United States has a substantial and compelling interest in preventing this information from being disclosed to anyone not a party to the court proceedings. Protection of any unclassified information regarding any CHS may be necessary to protect ongoing national security investigations and prosecutions. Protection may also be necessary for the personal safety of a CHS or others.

3. Federal Rule of Criminal Procedure 16(d)(1) provides this Court with authority to grant appropriate relief to parties for good cause shown. Accordingly, the United States requests that the Court grant this Motion for an Omnibus Protective Order as set out below.

<u>Protection of Third Party Personal Identifiers Within the General Discovery</u>

4. As part of its obligation pursuant to Federal Rule of Criminal Procedure 16, the United States will provide the defendant with general discovery documents which may be subject to the Privacy Act, 5 U.S.C. § 552, the Disclosure of Information in Possession of the Social Security Administration Act, 42 U.S.C. § 1306, and Federal Rule of Criminal Procedure 49.1, because they may contain names, addresses, social security numbers, dates of birth and financial account numbers. In order to limit the dissemination of the above-described protected general discovery, the United States asks that the Court apply the following protective conditions:

5. "General discovery materials" shall not be further disseminated[2] by the defendant or his counsel of record to any individuals, organizations or other entities, other than: (a) members of

---

[2] "Disseminate" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

2

the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant and secretarial staff), and (b) experts consulted or retained to assist in the preparation of the defense.

6. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this Omnibus Protective Order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel. In addition, counsel of record for the defendant, any co-counsel, and any defense investigator may show (but not provide copies of) any of such general discovery materials to witnesses or potential witnesses, if it is determined that it is necessary to do so for the purpose of preparing the defense of the case.

7. Any protected general discovery in this case, including any copies, notes, summaries, etc., will be stored at defense counsel's office or the office of an expert who, as noted, shall be subject to the same disclosure limitations.

8. Any document filed with the Court, including any attachment, which contains protected general discovery, or a description or reproduction thereof, will be filed in redacted form (redacting the portions of the pleading referencing protected general discovery) or under seal pursuant to Western District of New York Local Criminal Rule 55.

9. The procedure for use of protected general discovery during any hearing or trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting protected general discovery to remove individual personal identifiers, request the Court to submit such documents under seal, code the documents to substitute numerical or other designations for the individual's name or other identifying information, request that any exhibit be placed under seal with an instruction to the jury not to disclose any information contained therein, and introduce any summary evidence where practicable which may be more easily redacted.

10. Nothing contained in this motion shall prevent or in any way limit or impair the right of the United States to disclose to any regulatory or law enforcement agency, or any agency or department of the United States, or any division of any such agency or department, protected general discovery documents related to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; nor shall anything contained in this motion prevent or in any way limit or impair the use of any such protected general discovery by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the protected general discovery consistent with the terms of this motion and subsequent Omnibus Protective Order. A copy of the Omnibus Protective Order will be provided to said regulatory agency, law enforcement agency, or any division, agency, or department of the United States, to ensure compliance therewith in connection with disclosure of protected discovery documents.

Protection of Sensitive Discovery Materials

11. For the purposes of this motion for an Omnibus Protective Order, the term "sensitive discovery materials" includes all declassified or formerly-classified information or materials that may be reviewed by or made available to the defendant or defense counsel in this case.

12. "Sensitive discovery materials" shall not be further disseminated by the defendant or his counsel to any individuals, organizations or other entities, other than (a) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant and secretarial staff); and (b) experts consulted or retained to assist in the preparation of the defense.

13. The government shall appropriately mark sensitive discovery material.

14. It is expressly understood that the defendant, counsel for the defendant, co-counsel, members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant and secretarial staff) and experts consulted or retained to assist the defense

SHALL NOT further disseminate any sensitive discovery materials to witnesses or potential witnesses, except as provided herein.

15. Counsel of record for the defendant, any co-counsel, and any defense investigator may show (but not provide copies of) sensitive discovery materials to witnesses or potential witnesses, if it is determined that it is necessary to do so for the purpose of preparing the defense of the case. However, the defense shall maintain a written record of the witnesses that have viewed the sensitive materials, the particular items viewed, and relevant dates and times.

16. Each of the individuals to whom disclosure is made shall be provided a copy of this Omnibus Protective Order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel.

17. Defense counsel in receipt of sensitive discovery materials may only make copies of such materials in accordance with this Omnibus Protective Order.

18. Any document filed with the Court, including any attachment, which contains sensitive discovery materials, or a description or reproduction thereof, will be filed in redacted form (redacting the portions of the pleading referencing protected sensitive discovery) or under seal pursuant to Western District of New York Local Criminal Rule 55.

19. Counsel shall store all sensitive discovery materials, and any copies thereof, in a secure place.

20. Notwithstanding any other provision of this or any other Protective Order that may be entered by the Court, the disclosure or discovery of any materials that may be submitted to the Court in connection with any litigation related to the provisions of 50 U.S.C. Ch. 56 shall be governed by that Chapter, and/or CIPA, 18 U.S.C. App. III, § 1, et seq.

CHS Personal Identifiers in Either General or Sensitive Discovery

21.     If any declassified information about the actual or cover personal identifiers[3] of CHSs is included in EITHER general or sensitive discovery materials, the United States requests that the Court put in place the following protections:

22.     The defendant and counsel will not publicly disclose the actual or cover names of any CHS in any pretrial filing or at any pretrial hearing in open court.

23.     The defendants and counsel will not disseminate any declassified information about a CHS except to (a) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); and (b) experts retained to assist in the preparation of the defense. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this Omnibus Protective Order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel.

24.     All audio and video recordings in which a CHS can be seen, heard, or is discussed shall not be copied or reproduced in any way unless the defendant obtains advance approval from the United States. Copies may ONLY be provided to members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant and secretarial staff), and may only be provided to further the legitimate investigation and preparation of this case.

25.     All audio and video recordings in which a CHS can be seen, heard, or is discussed must be maintained at the office of defense counsel, and removed from such offices only by members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant and secretarial staff ). Audio and video recordings in which a CHS can be

---

[3] In the context of CHSs, such personal identifiers include not only identifiers such as addresses, Social Security numbers, and dates of birth, but also physical characteristics, true identity, and any other unique identifying number or characteristic.

seen, heard, or is discussed may be played for and reviewed by the defendant, but such recordings shall not be given to the defendant or kept or maintained at any jail or detention facility in which he is housed.

General Provisions

26. The United States requests that these general provisions apply to the Omnibus Protective Order as a whole:

27. Any modifications of this Omnibus Protective Order will only be done by order of the Court. Until the Court rules on any such motion, no disclosure of protected general discovery shall be made, except in compliance with this Omnibus Protective Order.

28. At the conclusion of this criminal matter, including any appeals or post-conviction proceedings, defense counsel shall return to the United States all discovery materials and any copies thereof. Defense counsel shall also destroy any derivative contents of such sensitive government discovery material, e.g., verbatim excerpts of recordings or transcripts (if they exist), other than attorney work product.

29. All declassified sensitive discovery information that may be provided as part of the discovery materials in this case is now and will forever remain the property of the United States.

30. Notwithstanding any other provision of this or any other protective order that may be entered by the Court, the disclosure or discovery of materials that may be submitted to the Court in connection with any litigation related to the provisions of 50 U.S.C. Ch. 56 shall be governed by that Chapter and/or CIPA, 18 U.S.C. App. III, § 1, et seq.

31. Notwithstanding any other provision of this or any other protective order that may be entered by the Court, the handling of any classified material MUST be done in accordance with CIPA, 18 U.S.C. App. III, § 1 et seq.

32. This Omnibus Protective Order shall survive the termination of this action.

33. This motion and the proposed Omnibus Protective Order have been shown to and discussed with the defendant's attorney, Mark D. Hosken, Esq. Defense counsel has informed the United States that he has no objection or opposition to the motion or the terms of the proposed Omnibus Protective Order.

DATED: July 10, 2014, Rochester, New York.

Respectfully submitted,

WILLIAM J. HOCHUL, JR.
UNITED STATES ATTORNEY
Western District of New York

BY: s/ Brett A. Harvey
BRETT A. HARVEY
Assistant United States Attorney
Western District of New York
100 State Street, Suite 500
Rochester, New York 14614
(585) 399-3949
brett.harvey@usdoj.gov

s/ Frank H. Sherman
FRANK H. SHERMAN
Assistant United States Attorney
Western District of New York
100 State Street, Suite 500
Rochester, New York 14614
(585) 399-3934
frank.sherman@usdoj.gov